WATKINS *v.* BRIGHT.

5-831                                    286 S. W. 2d 333

Opinion delivered January 30, 1956.

*Kenneth C. Coffelt,* for appellant.

*Ben M. McCray,* for appellee.

LEE SEAMSTER, Chief Justice. This is an appeal by the appellants, from a judgment of the Saline Circuit Court, based on the verdict of a jury denying appellants' recovery from appellee for claimed personal injuries and property damage, arising out of an automobile accident which occurred in Benton, Arkansas, on September 1, 1954.

This dispute arose out of a collision between appellee's automobile and a vehicle driven by appellant, Mrs. Earl Watkins, which occurred at the intersection of South

Street and West Drive Street, in Benton. Immediately prior to the collision, Mrs. Watkins was driving her husband's automobile in a westerly direction on South Street and the appellee, Wayne Bright, was driving a vehicle, owned by Kelly Don Chandler, in a southerly direction on West Drive Street. The vehicles collided in the intersection, whereby, the vehicle being driven by Mrs. Watkins traveled another 150 feet further west, ran off the pavement and struck a house. The evidence conflicts as to the rate of speed that each vehicle was being driven immediately prior to the time of the collision. The appellants alleged that the accident was caused by the negligence on the part of the appellee in failing to yield the right-of-way. The appellee answered denying any negligence and in turn alleged that appellant, Mrs. Earl Watkins was negligent in the operation of her vehicle and was solely responsible for the collision, thereby praying that appellants' complaint be dismissed. The jury returned a verdict for the appellee from which the appellants appeal.

For reversal, the appellants contend the trial court erred in giving defendant's requested instruction Number 10, over the general and specific objections of the appellants. This instruction is as follows:

"You are instructed that when two motor vehicles approach an intersection at or about the same time, that it is the duty of the car approaching on the left to yield the right-of-way to the vehicle approaching on his right, but, however, where one vehicle has already entered the intersection, and the other vehicle has not, then the former vehicle has the right-of-way over the latter."

Appellants objected to this instruction and contend that it is not a correct declaration of the law applicable to this case, for the following reasons: (1) there is no street intersection as a street intersection is known in law in this case; (2) the undisputed testimony shows that Mrs. Watkins entered the street intersection first, therefore, the instruction would not apply even if there were a street intersection involved; and, (3) South Street at the time of the collision was a part of the highway sys-

tem of Arkansas, although the highway designation signs had been removed by the State Highway Department.

The purpose of instructions is to inform the jury of the legal principles applicable to the facts presented, and furnish a guide to assist in reaching a verdict. They are ordinarily read to the jury with continuity and unless contradictory as a matter of law must be considered as a whole. If, when so considered, the legal issues presented are properly explained, no prejudice results.

We hold that the trial court did not err by giving appellee's requested instruction Number 10, as modified. See *Ark. Stats.* (1947), § 75-621. It was not a binding instruction since it did not exclude from the jury an opportunity to decide which vehicle entered the intersection first or whose negligence caused the collision. The facts reveal that this collision occurred at a street intersection where West Drive Street enters South Street. The undisputed facts also reveal that the State Highway Department had removed the highway designation signs some thirty days prior to the time of the collision and the Highway Department had re-routed the traffic over the new highway. There were no stop signs on either street. The question of negligence was properly submitted to the jury and the jury found for the appellee.

The appellants contend that *Ark. Stats.* (1947) Sec. 75-623 controls in this case because South Street is a through highway. *Ark. Stats.* (1947) Sec. 75-412 subsection (F) defines a through highway and *Ark. Stats.* (1947) Sec. 75-645 authorizes the State Highway Commission, with reference to State Highways, and local authorities, with reference to the other highways under their jurisdiction, to designate through highways and erect stop signs at specified entrances thereto. In other words, in order to have a through highway at any particular intersection there must be erected a stop sign at the entrance of the intersection on the highway approaching the through highway. It is conceded that there was no stop sign on West Drive Street, at the intersection of South Street.

Finding no error, the case is affirmed.